

# NUMBER 13-21-00333-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**NEXUS SERIES B, LLC,**                                                          **Appellant,**

**v.**

**DURHAM TRADING PARTNERS XII, LLC,**                              **Appellee.**

## On appeal from the 201st District Court
## Of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Benavides**

In this commercial lending dispute, appellant Nexus Series B, LLC (Nexus) filed suit to enforce a contractual provision, and appellee Durham Trading Partners XII, LLC (Durham) countersued for declaratory relief. Each party moved for summary judgment, and the trial court granted Durham's motion and denied Nexus's motion. By three issues,

Nexus argues that the judgment was not final and appealable, Durham was not entitled to summary judgment on its claim, and the trial court erred in denying Nexus's motion for summary judgment.[1] We affirm.

## I.   BACKGROUND

Nexus loaned Durham $625,000 to fund a commercial real estate project, including the purchase price of the realty and the construction of a building. The loan was secured by a deed of trust, which contained the following provision:

> In the event that [Nexus] exercises its right to foreclose under this Deed of Trust, [Durham] agrees to reasonably cooperate with [Nexus] in facilitating introduction to and work with any contractors, including but not limited to operating and construction contractors. Upon [Nexus's] request, [Durham] also agrees to assign all contractual rights and obligations it may have related to the Property.

Before the note matured, Durham sued Waterloo Surveying, Inc. (Waterloo) for professional malpractice based on an allegedly inaccurate survey the company performed on the property. Durham had hired Waterloo to provide a survey of the property and relied on that survey in constructing the building. Once the structure was complete, Durham applied for a certificate of occupancy, which was denied by the City of Austin. The city also denied Durham's request for a variance. It was during this process that Durham allegedly discovered that the survey was inaccurate.

Without the certificate of occupancy, Durham was unable to generate revenue from the property and eventually defaulted on the loan. Nexus notified Durham in writing that

---

[1] This appeal was transferred to us from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

it was initiating foreclosure proceedings and demanded that Durham assign "all of [its] rights and claims as Plaintiff under Cause No. D-1-GN-20-002635[,] styled *Durham Trading Partners XII, LLC v. Waterloo Surveyors, Inc.*"

Durham refused, and Nexus filed this separate suit for breach of contract, seeking to enforce its right of assignment under the deed. In the petition, Nexus specifically identified the Waterloo suit and alleged that it had "demanded that [Durham] assign all of its rights, claims, and obligations under [Durham's] suit against Waterloo Surveyors." Nexus stated that it was seeking "specific performance ordering [Durham] to assign its claims against Waterloo Surveyors to [Nexus]." Durham countersued for a declaration that its professional malpractice claim in the Waterloo suit was not covered by the assignment provision because it sounded in tort, not contract.

Both parties moved for summary judgment, and in its motion, Nexus argued that it was entitled to summary judgment on its breach of contract claim because "all of [Durham's] claims, contractual rights and obligations related to the Property, including all claims against Waterloo Surveyors that relate to the Property, are expressly covered under the terms of the Deed of Trust." As support for its motion, Nexus attached copies of its demand letter and the deed of trust.

In support of its motion, Durham attached a copy of its petition in the Waterloo suit. The petition raises a single claim for "professional negligence," alleging that "[Waterloo] is a professional land surveyor . . . [with] a legal duty to perform its services accurately." Durham further alleged that Waterloo breached this duty, proximately causing Durham "significant expense and economic damage."

3

We have not been provided with a reporter's record of the summary judgment hearing in this case. However, in a post-submission brief to the trial court, Nexus clarified that it "[wa]s not seeking by its lawsuit an assignment of tort claims from [Durham]" but only any contractual rights Durham has under its professional services agreement with Waterloo. Nexus accused Durham of "attempt[ing] to confuse the [trial] court and the issues . . . by arguing about the assignability of [Durham's] professional negligence claims asserted in [the Waterloo suit]." Nexus concluded that Durham's negligence claims in the Waterloo suit were "beyond the scope of the issues pending in this present lawsuit" and asked the trial court to dismiss Durham's claim for declaratory relief with prejudice.

In a response filed the same day, Durham argued that Nexus was attempting to recast its claim after the trial court apparently signaled that it was going to rule in favor of Durham. Durham pointed to Nexus's demand letter, petition, and summary judgment motion as proof that Nexus had always sought the assignment of Durham's professional malpractice claim.

In a subsequent letter ruling, the trial court informed the parties that it was granting Durham's motion and denying Nexus's motion because "[Durham's] suit against Waterloo is not a contractual right subject to assignment." The trial court further explained that "[Nexus's] suit to enforce and [Durham's] UDJA claim both seek, in simplest terms, the same relief." In a subsequent email, the trial court clarified that it considered the parties' claims as "seek[ing] an opposite ruling on the same material issue," and therefore, its ruling "[wa]s a final judgment."

Nexus filed a motion for reconsideration, reiterating the arguments it made in its

4

post-submission brief. The trial court overruled the motion and then signed a "Final Judgment" granting Durham's motion for summary judgment, denying Nexus's motion for summary judgment, and ordering "that [Nexus] should take nothing by [its] suit." The judgment also contains the following language: "This judgment is final, disposes of all parties and claims and is appealable." This appeal ensued.

## II. STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). To prevail on a traditional motion for summary judgment, the movant must establish that no issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "When both parties move for summary judgment and the trial court grants one motion and denies the other, we review all the summary judgment evidence, determine all of the issues presented, and render the judgment the trial court should have." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (quoting *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

We review the propriety of a summary judgment by taking all evidence favorable to the nonmovant as true, indulging every reasonable inference in favor of the nonmovant, and resolving any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005) (citing *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). "It is fundamental that a motion for summary judgment must be supported by the pleadings on file, and the final judgment of the court must

conform to those pleadings." *Hernandez v. Hernandez*, 632 S.W.3d 92, 97 (Tex. App.—El Paso 2020, no pet.) (citing *Houle v. Casillas*, 594 S.W.3d 524, 541 (Tex. App.—El Paso 2019, no pet.)).

## III.   FINALITY

Nexus first questions whether the judgment was final and appealable because, according to Nexus, the judgment did not dispose of all its claims. We find that the judgment is final and that we therefore have jurisdiction over the appeal.

## A.   Applicable Law

Generally, only final judgments are appealable. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) ("An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments."). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Accordingly, following summary judgment proceedings, we examine a judgment for a "clear indication that the trial court intended the [judgment] to completely dispose of the entire case." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (quoting *Lehmann*, 39 S.W.3d at 205). "Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Id.* (citing *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex.

6

2019)).

We only consult the record when the trial court's intent is unclear from the judgment. *In re R.R.K.*, 590 S.W.3d at 541. Thus, even if the judgment and record are at odds, a judgment with "a clear and unequivocal statement of finality" controls. *Bella Palma*, 601 S.W.3d at 801 (citing *Lehmann*, 39 S.W.3d at 206).

## B. Analysis

Here, the trial court plainly expressed its intent that the judgment should be considered final: "This judgment is final, disposes of all parties and claims and is appealable." *See id.* Nexus contends that the judgment was not final because the trial court misconstrued its claim, and in doing so, never reached the merits of its claim. Even if that were true, we are not permitted to consult the record when, as here, the judgment contains a clear expression of finality. *See id.*; *In re R.R.K.*, 590 S.W.3d at 541. Moreover, "[a] judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory." *Lehmann*, 39 S.W.3d at 200 (citing *Young v. Hodde*, 682 S.W.2d 236 (Tex. 1984) (per curiam)). We overrule Nexus's first issue and turn to the merits of the appeal.

### IV. DURHAM'S MOTION FOR SUMMARY JUDGMENT

By its second issue, Nexus argues that the trial court improperly granted Durham's motion for summary judgment because Durham's professional malpractice claim against Waterloo was "part and parcel of the contractual rights and obligations accruing to [Nexus]."[2] We disagree.

---

[2] We note that Nexus's position on appeal is inconsistent with the post-submission brief it filed in the trial court where it expressly disclaimed that it was seeking an assignment of Durham's malpractice

## A. Applicable Law

Texas law recognizes that when a contract brings two parties together, their relationship may be governed by both legal and contractual duties. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) (citing *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508 (Tex. 1947)). A defendant's conduct may breach duties in tort, contract, or both simultaneously. *Id.* "The nature of the injury most often determines which duty or duties are breached." *Id.* "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) (first citing W. KEETON, D. DOBBS, R. KEETON & D. OWEN, PROSSER & KEATON ON THE LAW OF TORTS § 92 at 655 (5th Ed. 1984), and then citing J. EDGAR, JR. & J. SALES, TEX. TORTS & REMEDIES § 1.03[4][b] at 1–36 (1990)).

However, "some contracts involve special relationships that may give rise to duties enforceable as torts, such as professional malpractice." *Id.* at 494 n.1; *see Ling v. BDA&K Bus. Servs., Inc.*, 261 S.W.3d 341, 347 (Tex. App.—Dallas 2008, no pet.) ("A claim for professional malpractice is based in negligence." (citing *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989))). This occurs because professionals have a legal duty "to exercise the degree of care, skill, and competence that reasonably competent members of the profession would exercise under similar circumstances." *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 594 (Tex. App.—Fort Worth 2008, pet. denied) (citing *Averitt v. PriceWaterhouseCoopers L.L.P.*, 89 S.W.3d 330, 334 (Tex. App.—Fort

---

claim. Durham has not raised the issue of judicial admission, and we assume without deciding that Nexus may change its position on appeal.

Worth 2002, no pet.)). Registered land surveyors provide a professional service, and therefore, they are subject to claims for professional malpractice. *See* TEX. CIV. PRAC. & REM. CODE ANN § 150.002(a), (b) (requiring plaintiffs to file a certificate of merit for negligence claims against a registered surveyor); *Pakal Enters., Inc. v. Lesak Enters. LLC*, 369 S.W.3d 224, 226, 228 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (applying § 150.002 to a negligence claim against a surveyor).

## B.    Analysis

Here, Durham filed suit against Waterloo for professional malpractice, alleging Waterloo is a professional land surveying company that breached its "legal duty to perform its services accurately." This claim sounds in tort, not contract. *See DeLanney*, 809 S.W.2d at 494 n.1; *Ling*, 261 S.W.3d at 347. Because Durham and Nexus only agreed to the assignment of "contractual rights and obligations related to the [p]roperty," Durham's professional malpractice claim against Waterloo is not subject to assignment, and Durham was entitled to summary judgment on its declaratory judgment claim. We overrule Nexus's second issue.

## V.    NEXUS'S MOTION FOR SUMMARY JUDGMENT

Finally, Nexus argues that even if Durham's malpractice claim is not assignable, Nexus is nonetheless entitled to the assignment of any contractual rights Durham has with respect to its professional services agreement with Waterloo. We have reviewed Nexus's demand letter and pleadings, and we agree with the trial court that Nexus's enforcement suit was limited to the assignment of Durham's malpractice claim in the Waterloo suit.

9

Although Nexus attempted to state its claim more broadly in its motion for summary judgment, "a motion for summary judgment must be supported by the pleadings on file," and Nexus never amended its pleadings to enlarge its claim beyond the malpractice claim. *See Hernandez*, 632 S.W.3d at 97 (citing *Houle*, 594 S.W.3d at 541). In fact, "a plaintiff's summary-judgment argument based on a claim that was not raised by a cause of action actually pleaded is not reviewable on appeal." *Id.* (citing *Houle*, 594 S.W.3d at 541).

Based on the pleadings on file, the trial court correctly concluded that the parties filed competing motions for summary judgment addressing the same subject matter, and consequently, the success of Durham's motion—which we have already affirmed— necessarily meant the failure of Nexus's motion and a take nothing judgment against it. Accordingly, we overrule Nexus's third issue.[3]

## VI. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
1st day of December, 2022.

---

[3] Of course, just as the trial court's judgment was limited to the assignment of Durham's malpractice claim, we express no opinion on whether Nexus is entitled to the assignment of any contractual rights Durham has under its professional services agreement with Waterloo.

10